# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICKY JERMAINE NEWTON,**

    **Plaintiff,**

v.                                                                                    Civil Action No. 5:13cv76
                                                                                        (Judge Stamp)

**NORTH CENTRAL REGIONAL JAIL,**
**GEORGE TRENT, Administrator**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this case on June 13, 2013, by filing a civil rights complaint, together with a Application to Proceed *in forma pauperis*. On June 17, 2013, the plaintiff was granted leave to proceed *in forma pauperis*, and on September 6, 2013, he paid the required initial partial filing fee. On October 22, 2013, the undersigned conducted a preliminary review of this matter and determined that summary dismissal was not appropriate. Accordingly, an Order to Answer was issued, and the Clerk of Court was directed to issue 21 days summons for George Trent.[1]

On November 18, 2013, the North Central Regional Jail and George Trent filed a First Motion to Dismiss with supporting memorandum. On January 22, 2013, a <u>Roseboro</u> Notice was issued, and on January 29, 2014, the plaintiff filed his response.

### II. Contentions of the Parties

**A. The Complaint**

In his complaint, the plaintiff alleges that at all times relevant to his complaint, he was housed

---

[1] To the extent that the plaintiff named the North Central Regional Jail as a defendant, the undersigned noted that the same was clearly inappropriate.

at the North Central Regional Jail. The plaintiff further alleges that he filed multiple grievances to defendant Trent, the administrator of the North Central Regional Jail, regarding leaks in the roof of the jail. Finally, the plaintiff alleges that on April 12, 2013, he slipped in a pool of water and was severely hurt. Specifically, he alleges that he hit his head on the cement floor and fell back on his leg that was previously injured by a shotgun wound. He complains of neck stiffness, back pain, and that his leg keeps giving out. For relief, the plaintiff seeks $50,000 in damages and to be treated by a leg and back specialist.

**B.   Motion to Dismiss**

In the Motion to Dismiss, the defendants respond that the plaintiff has failed to plead an actionable Section 1983 claim, and this matter should be dismissed as a matter of law. More specifically, the defendants note that the complaint does not demonstrate that the plaintiff was subjected to a prison condition that resulted in a constitutional violation. In addition, the defendants argue that the condition of the jail was open and obvious, and the plaintiff, himself, had actual notice of the alleged condition. The defendants also argue that defendant Trent is entitled to qualified immunity.

**C. Plaintiff's Response**

In response to the Motion to Dismiss, the plaintiff states that he notified the administration and proper authorities of the leaks for months before and after the incident occurred. He maintains that he was lied to constantly about the leaks being fixed. He concludes by noting that he "knows the negligence could have been avoided if the grievances were addressed in a timely manner, Due to their malicious negligence, ]he], the Plaintiff, feel [sic] relief is necessary." (Doc. No. 33, p. 2).

**III.   Standard of Review**

A.  **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id.  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp.,

309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### IV. Analysis

**A. North Central Regional Jail**

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the plaintiff names as defendant the North Central Regional Jail. However, the North Central Regional Jail is not a proper defendant because it is not a person subject to suit

under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 200) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")

**B. George Trent**

The plaintiff's complaint concerns the conditions of his confinement, i.e., the slippery floor, from roof leaks, which led to his fall. "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health or safety.'" DeSpain v. Uphoff, 264 F.3d 865, 971 (10th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)(further quotations omitted).

In order to satisfy the first prong of the Farmer test, the plaintiff must show that the standing-water problem rose to the level of a condition posing a substantial risk of serious harm" to his health or safety. While standing water is a potentially hazardous condition, slippery floors constitute a risk faced by members of the public at large on a daily basis. See Reynolds v. Powell, 370 F.3d 1028 (10th Cir. 2004). Therefore, federal courts from around the country have consistently held that slippery prison floors do not violate the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)(noting that "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment")(quotation omitted); Denz v. Clearfield County, 712 F.Supp. 65, 66 (W.D. Pa. 1989)(finding no Eight Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F.Supp. 1215, 1216-17 (N.D.W.Va. 1983)(finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D. Pa.

5

1981)(finding no Eighth Amendment violation based on slippery floor in prison kitchen); Turnstall v. Rowe, 478 F.Supp. 87, 89 (N.D. Ull. 1979)(finding no Eighth Amendment violation based on greasy prison stairway); Snyder v. Blankenship, 473 F. Supp. 1208 (W.D.Va. 1079) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), *aff'd*, 618 F.2d 104 (4th Cir. 1980). As this case law establishes, "[a] 'slip and fall," without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Mitchell, supra at 1217. Nothing in the plaintiff's claims distinguishes it from the typical prison slip and fall, and therefore, the plaintiff is barred from seeking Eighth Amendment liability against defendant Trent.

In addition, to the extent that the plaintiff is attempting to allege a claim regarding his medical care, the plaintiff has failed to state a proper defendant. In order to establish personal liability against a defendant in a § 1983 action, the defendant(s) must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). The plaintiff does not allege any personal involvement with his medical care by defendant Trent. Instead, at best, he alleges that defendant Trent is responsible for his staff and their actions. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if the subordinate acted pursuant to an official policy or custom which for he is responsible, see Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982); Orum v. Haines, 68 F. Supp.2d 726 (D.D. W.Va. 1999), or the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was

so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), *cert. denied,* 513 U.S. 813 (1994).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Id. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

The plaintiff makes no allegations in his complaint which reveals the presence of the required elements for supervisory liability against defendant Trent. Further, the undersigned notes that the Fourth Circuit has held that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Thus, defendant Trent could rely on the opinion of medical staff as to whether the plaintiff needed additional medical care and/or testing. Consequently, the undersigned finds that the plaintiff has failed to state a deliberate indifference claim against defendant Trent with respect to his medical care.

## V. Recommendation

For the reasons stated, the undersigned recommends that the Motion to Dismiss (Doc. 26) be **GRANTED**, and the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation,

any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 25, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE