IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKY JERMAINE NEWTON,

    Plaintiff,

v.                                      Civil Action No. 5:13CV76
                                                    (STAMP)

NORTH CENTRAL REGIONAL JAIL and
GEORGE TRENT, Administrator,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Ricky Jermaine Newton, commenced this civil rights action by filing a complaint against the defendants, North Central Regional Jail ("NCRJ") and George Trent ("Trent"), the Administrator of the North Central Regional Jail, in this Court pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff claims that he slipped in a pool of water and as a result he was severely hurt. The plaintiff alleges that he busted his head open, could barely walk after the fall, and continues to have problems walking. He further alleges that he cannot feel his toes, he has neck stiffness, back pain, and that the bullets from a previous shotgun wound to his knee have moved causing him pain. As relief,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the plaintiff seeks $50,000.00 and wishes to be treated by a leg and back specialist with this money.

The defendants filed a motion to dismiss, in which they argue that the plaintiff's complaint should be dismissed for the failure to state a claim upon which relief may be granted. Specifically, the defendants argue that: (1) the claims asserted against the NCRJ must be dismissed because it is not a person who is amenable to suit under § 1983; (2) the plaintiff's negligence claim is not actionable under § 1983, and his allegations do not support a deliberate indifference claim; and (3) defendant Trent is entitled to qualified immunity. The plaintiff responded in opposition, arguing that he believes relief is necessary for the defendants' actions.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate John S. Kaull for initial review and report and recommendation. Magistrate Judge Kaull issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice as it fails to state a claim upon which relief may be granted. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. No party filed objections to the report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

### A. North Central Regional Jail

As outlined by Magistrate Judge Kaull in his report and recommendation, suits under 42 U.S.C. § 1983 must be brought against a "person." Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). It is established law that governmental entities such as jails and courts are not "persons" under § 1983, and are thus not amenable to suit under the statute. See Will v. Mich. Dept. of State Police, 491 U.S. 58 (1989). Accordingly, this Court agrees with the magistrate judge and finds no clear error in his finding that, as a matter of law, the NCRJ is an improper defendant in this action. As such, the plaintiff failed to state a claim upon which relief can be granted as to the NCRJ; therefore, the action must be dismissed as to it.

### B. George Trent

The magistrate judge next found that the claims against George Trent must also be dismissed. First, the magistrate judge found

the plaintiff's claim concerning the condition of water on the floor at NCRJ is not sufficiently serious to implicate constitutional protection under the Eighth Amendment. In order to establish a cause of action alleging that conditions of confinement have risen to the level of a constitutional deprivation, a plaintiff must allege (1) that the deprivation was objectively "sufficiently serious" to qualify as a denial of "'the minimal civilized measure of life's necessities;'" and (2) that prison officials subjectively acted with culpability, or "deliberate indifference" to the conditions. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The magistrate judge stated that slippery floors constitute a risk faced by members of the public at large on a daily basis and the plaintiff has not alleged anything that distinguishes this fall from that of a typical prison slip and fall. Therefore, the magistrate judge found that the slip and fall did not amount to cruel and unusual punishment.

Second, the magistrate judge found that insomuch as the plaintiff is attempting to allege a claim regarding insufficient medical care, Trent is not a proper defendant. As the magistrate judge stated, there is no respondeat superior liability under § 1983. Baker v. Lyles, 904 F.2d 925, 929 (4th Cir. 1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits."). A defendant, however, may be held liable under § 1983

4

based on supervisory liability if the subordinate acted pursuant to an official policy or custom for which he is responsible, see Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982), or if the plaintiff establishes that:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). The magistrate judge stated that, based on the above law, Trent cannot be found liable solely under respondeat superior theory and the plaintiff has not alleged that Trent had any personal involvement with his medical care to establish personal liability under § 1983. Further, the magistrate judge found that the plaintiff did not make any allegations in his complaint that revealed the presence of the required elements to establish supervisory liability. Therefore, the magistrate judge found that the plaintiff's claims against Trent concerning his medical care must be dismissed.

After reviewing the record, this Court finds no clear error in the magistrate judge's findings that the plaintiff's claims against Trent concerning the condition of confinement and medical care must be dismissed.

## V. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety. It is ORDERED that this case be DISMISSED WITH PREJUDICE. Furthermore, it is ORDERED that this case be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 18, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE